(No. 4470-)

ERNEST E. FROST, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1952.*

LOUIS ROCKWELL, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The claimant, Ernest E. Frost, seeks to recover for one month's wages in the amount of $226.00 by reason of a ruling of the Civil Service Commission reinstating him to his position.

Claimant was employed as a House Father at the Illinois State Training School for Boys, and entered the classified Civil Service on July 13, 1939.

On September 8, 1949, claimant was dismissed under an alleged suspension, and suspended for a period of thirty days from September 9, 1949 to October 8, 1949. A suspension notice, dated September 8, 1949, was served on claimant, and the reason given, as set out in said notice, was "On April 4, 1949, the Institutional doctor declared that you are unable to carry out the duties of a Cottage Parent II due to physical incapacity. On April 9, 1949, an electro-cardiograph examination also indicated a physical incapacity to cope with the duties involved in the position of Cottage Parent II, both physical and emotional. *It is therefore necessary to dismiss you.*" (Emphasis supplied). This suspension notice was offered and admitted in evidence as claimant's exhibit No. 1.

On October 7, 1949, a hearing was had concerning this matter before Guilford R. Windes, hearing officer of the State Civil Service Commission.

A letter, dated January 31, 1952, from Fred K. Hoehler, Director, addressed to Honorable Ivan A. Elliott, Attorney General, containing excerpts from the finding of the State Civil Service Commission, was offered and received in evidence as claimant's exhibit No. 2. A copy of the decision of the State Civil Service Commission was offered and received in evidence as claimant's exhibit No. 3. On page 9 of said decision, there appears "it is the decision of the hearing officer that the written charges of inability to carry out the duties of Cottage Parent due to physical incapacity were not sustained by the evidence submitted." On pages 9 and 10 of said decision, there also appears "the Commission finds that said hearing officer was duly appointed; that the hearing conducted by said hearing officer was public; that the employee was

present in person, represented by counsel, and called witnesses in his own defense, and the Commission, after considering the record in this cause, and the findings and decision of the hearing officer, hereby approves said findings and decision, and certified them to the Director of Public Welfare for action in accordance herewith. Dated at Springfield, Illinois, the 22nd day of November, 1949." Restoration of claimant to the payroll was effective as of October 9, 1949.

There was no question raised about the willingness and availability of claimant to work, nor any other defense by a pleading. There was no dispute as to the earnings of the claimant being $226.00 a month.

The Civil Service law was amended in 1949, and the pertinent amendment is as follows (Sec. 14, Chap. 24½, S.H. Rev. Stat.):

"No officer or employee in the classified service of the State who shall have been appointed under said rules and regulations and after said examination——shall be removed or discharged or suspended for a period of more than thirty (30) days except for cause."

The above statute apparently gives an appointing officer the right to remove, discharge or suspend an employee for thirty days, but, if for longer, a hearing must be had by the Commission.

The State is correct in its contention that the Act of 1949 did not provide for payment of compensation in the event the Commission ordered a reinstatement.

However, the Act was amended in 1951 to correct this situation, and it now reads as follows (Sec. 14, Chap. 24½, S.H. Rev. Stat.):

"If the Commission certifies a decision that an officer or employee is to be retained in his position and if it does not order a suspension for disciplinary purposes, the officer or employee shall receive full compensation for any period during which he was suspended pending the investigation of the charges."

If the claimant had been suspended for thirty days, there could be no question that he could not recover. However, a suspension of thirty days was not contemplated, as his notice of suspension was a dismissal. For all practical purposes, claimant was dismissed as of September 9, 1949, and written charges were preferred against him.

The statute provides that, where an employee is discharged for more than thirty days, a hearing is required by the Civil Service Commission within thirty days from the date of the suspension. There are no other written charges that appear in the record, other than the notice of suspension. This notice was, therefore, the written charge for cause.

On the hearing before the Civil Service Commission, the Commission ordered claimant restored to his position, finding that there was not sufficient cause for his discharge. For this reason, claimant was unlawfully discharged.

Under the repeated decisions of this Court, claimant is entitled to an award.

Claimant's salary at the time of his discharge was $226.00 per month. He is entitled to payment of this salary from and including September 9, 1949 to and including October 8, 1949, or one month.

An award is, therefore, entered in favor of the claimant in the sum of $226.00.